**AMERICAN POSTAL WORKERS UNION, AFL–CIO, BOSTON METRO AREA, Plaintiff,**

v.

**Anthony M. FRANK, et al., Defendants.**

**Civ. A. No. 87–1264–Mc.**

United States District Court, D. Massachusetts.

April 20, 1990.

Alan J. McDonald, James F. Lamond and Mark G. Kaplan, McDonald, Noonan and Kaplan, Newton, Mass., for plaintiff.

Robert J. Cynkar, Deputy Asst. Atty. Gen., and Richard E. Greenberg, Shalom Brilliant and Brian G. Kennedy, Civ. Div., Dept. of Justice, Washington, D.C., for defendants.

### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

McNAUGHT, District Judge.

In a recent case involving the same parties, *American Postal Workers Union v. Frank,* 725 F.Supp. 87 (D.Mass.1989), the present plaintiff American Postal Workers Union (APWU) requested and obtained injunctive relief against urinalysis testing of applicants for positions in the Postal Service as well as its members for purposes of

governmental research only. In the present action, similar relief is sought by the Union only on behalf of job applicants who will be denied employment if the results of the urinalysis tests are positive for drugs. In the first case, the Union sought to restrain drug testing done for purposes of research only. In this case, the Union seeks to restrain drug testing as a condition of employment.

In the earlier action, injunctive relief was granted. In this action the request for injunctive relief is denied. First, there may now be a legitimate question of standing. In the earlier decision, we concluded that through the doctrine of associational standing, the Union did have the right to represent job applicants. *APWU v. Frank,* 725 F.Supp. at 88–89. Since the date of that decision, however, the National Labor Relations Board has determined that the APWU waived any right of collective bargaining over the issue of applicant drug testing. *United States Postal Service v. American Postal Workers Union,* Nos. 5–CA–194445(P), 5–CA–19979–(P) (N.L.R.B. Oct. 12, 1989) (opinion by administrative law judge became N.L.R.B.'s final decision where no exceptions to the opinion were filed). The chartered area local, plaintiff here, is not in a position different from that of the national union of the same name. The N.L.R.B.'s decision is binding upon us.

Secondly, we are not persuaded that plaintiff can show a reasonable likelihood of success in this action. See *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981). Even assuming that that the issue of standing were decided in the Union's favor, there would still be a serious doubt that plaintiff could prevail. As noted above, this matter presents a different factual situation from that of the earlier case. Here, we deal strictly with the issue of the right of a potential employer to require a job applicant to undergo successfully a pre-employment physical examination, including a urinalysis, and to refuse employment in the event that the physical exam is failed. There is, of course, the interest of the applicant to be considered, and such an interest was fully discussed in our prior

opinion. In the present case, however, as distinguished from the prior action, the objective is more than simply research. The government is seeking a drug free workplace. The objective is to preclude persons who are using drugs from handling mail. It is not simply research at all. Such an objective is clearly in accord with the interest of the public.

Where I conclude that plaintiff does not have a reasonable likelihood of success on the merits, plaintiff's motion for a preliminary injunction is denied.